UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES TORNS, JR.                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:11-CV-563-DPJ-FKB

CHRISTOPHER B. EPPS, Commissioner for MDOC,
EMMITT L. SPARKMAN, Deputy, RONALD KING,
Superintendent for SMCI, JOHN/JANE DOES, Liability
and Insurers for Each Defendant                                                       DEFENDANTS

ORDER

This civil-rights action is before the Court on the unopposed motion [13] of Defendants Christopher Epps, Emmitt Sparkman, and Ronald King for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court, having considered Defendants' submission and the pertinent authorities, finds that Defendants' motion should be granted.

I.      Facts and Procedural History

Plaintiff Charles Torns, proceeding *pro se* and *in forma pauperis* (IFP) under 28 U.S.C. § 1915, brings this action pursuant to 42 U.S.C. § 1983, among other statutes, for alleged violation of his First and Fourteenth Amendment Rights. Torns alleges that Defendants, as employees of the Mississippi Department of Corrections (MDOC) charged with running MDOC, prevented Torns from corresponding by U.S. Mail with MDOC prisoner Garry Lee Moore on several dates in March, April, and May 2011. Compl. [1] ¶ 4. He contends that Defendants prohibited him from sending and Moore from receiving correspondence involving pending litigation and that such correspondence was opened and scanned for contraband. *Id.* ¶¶ 8–14.

Torns seeks a money judgment against Defendants in their official and individual capacities. *Id.* at 4. There are no claims for injunctive relief, perhaps because Torns was

released before filing suit. Defendants answered [6] the Complaint and later filed the instant Motion to Dismiss [13] all claims against them based on Eleventh Amendment immunity. Torns failed to respond to the Motion to Dismiss. The Court is prepared to rule.

II. Standard

Defendants move to dismiss Torns's Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The party asserting subject-matter jurisdiction bears the burden of proof. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (per curiam) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "A Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'" *Id.* (citation omitted). In ruling on a 12(b)(1) motion, "the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts." *Id.* at 649–50 (citing *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)); *see Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

III. Analysis

    A. Official Capacity Claims

According to Defendants, Torns's claims against them in their official capacities are barred by Eleventh Amendment immunity. The Eleventh Amendment "bars suits in federal court by citizens of a state against their own state or a state agency or department." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991) (citation omitted). Such claims must be pursued in state court. *See Alden v. Maine*, 527 U.S. 706, 712 (1999) ("We hold that the powers delegated to Congress under Article I of the United States Constitution do not include the power

to subject nonconsenting States to private suits for damages in state courts"). An official-capacity suit for damages is essentially a suit against the State and is subject to sovereign immunity. *See Marquez v. Woody*, 440 F. App'x 318, 324 n.9 (5th Cir. 2011) (per curiam) (citation omitted) (noting that claims against state officials in their official capacities for damages are entitled to Eleventh Amendment immunity because the state that employs the officers is the real party in interest); *Fennell v. Tex. Educ. Agency*, 273 F.3d 1100, No. 00-50374, 2001 WL 1075862, at *1 (5th Cir. Aug. 22, 2001) (per curiam table decision) ("Suits against state officers in their official capacities seeking the payment of moneys from the state treasury for alleged compensatory damages, monetary damages, and payments in the nature of equitable restitution are barred by the Eleventh Amendment." (citation omitted)). Torns failed to respond to the Motion to Dismiss. The Court finds that Torns's claims for damages against Defendants in their official capacities should be dismissed.

B. Individual Capacity Claims

Defendants also seek dismissal of the individual capacity claims "on grounds of Eleventh Amendment immunity." Defs.' Mot. [13]. But the Eleventh Amendment does not bar damage suits against state officials in their individual capacities. *Modica v. Taylor*, 465 F.3d 174, 183 (5th Cir. 2006). Defendants' Motion therefore fails to plead grounds for dismissing the individual capacity claims. That said, the Court has authority to dismiss the Complaint "at any time," *sua sponte*, if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915(e)(2)(B) applies to "any IFP suit." *Allard v. Quinlan Pest Control Co.*, 387 F. App'x 438, 440 (5th Cir. 2010) (per curiam) (applying § 1915 to suit by

released prisoner). The Court therefore considers the federal and state claims under § 1915(e)(2)(B).[1]

1. Federal Claims

Section 1983 creates a cause of action against those who, while acting under color of state law, violate a plaintiff's constitutional rights. 42 U.S.C. § 1983. It is well-settled, however, that "there is no vicarious or respondeat superior liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) (citations omitted). Thus, a supervisory official may be held liable under § 1983 only "if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (citation omitted).

Here, Torns avers that each Defendant is an MDOC employee "with the duty and responsibility to ensure that their actions and the orderly running of the Department are in compliances [sic] with the applicable Federal and State Laws." Compl. [1] ¶ 3. Torns alleges generally that "defendants prohibited the mail correspondences" and that "defendants actions/inactions" violated his constitutional rights. He fails, however, to plead any specificity regarding Defendants' alleged actions, their personal involvement in alleged deprivations, or a

---

[1]Section 1915(e)(2)(B) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, Defendants' Memorandum [14] references a fact-based argument for dismissal of the § 1983 claims in footnote 3, and supports that argument with record evidence. But because Defendants failed to move under Rule 56, the Court finds that review of this issue should be limited to the allegations of the Complaint resulting in dismissal without prejudice.

4

causal connection. *See* Compl. [1] ¶¶ 8–14. The Court therefore concludes that Torns has impermissibly pleaded *respondeat superior* liability. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Because there is no such liability, Torns's federal claims against these Defendants in their individual capacities are dismissed without prejudice for failure to state a claim. *See Tuma v. Jackson Mun. Airport Auth.*, No. 3:09cv517-DPJ-FKB, 2012 WL 1229133, at *2 (S.D. Miss. Apr. 10, 2012) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." (citation omitted)).

2. State Law Claims

Defendants also claim that the Eleventh Amendment bars "any claims" asserted under the Mississippi Tort Claims Act (MTCA) applies. Miss. Code Ann. § 11-46-1, *et seq.*; *see* Defs.' Mem. [14] at 9. The argument is true as for claims against the state or its employees in their official capacities filed in federal court because the MTCA "preserves all immunities granted by the Eleventh Amendment of the United States Constitution." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (citing Miss. Code. Ann. § 11-46-5(4)). But the Eleventh Amendment argument falls short when applied to individual-capacity claims. *See Modica*, 465 F.3d at 183.

That said, the MTCA itself bars Torns's claims. The MTCA begins by acknowledging that Mississippi "has always" recognized sovereign immunity for the state and its political subdivisions. Miss. Code Ann. § 11-46-3. It then waives its sovereign immunity as a state "from claims for money damages arising out of the torts of such governmental entities and the torts of

5

their employees while acting within the course and scope of their employment." *Id.* § 11-46-5(1). But that waiver is limited, and the MTCA maintains immunity for government employees sued in their individual capacity:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

*Id.* § 11-46-7(2). Exceptions to this provision exist, but none apply.[2]

To the extent Torns seeks damages under the MTCA against the individual defendants in their official capacities, the claims are barred by the Eleventh Amendment and are dismissed without prejudice. To the extent he pursues MTCA claims against Defendants in their individual capacities, the claims are barred by the MTCA and dismissed with prejudice.

IV.     Conclusion

For the foregoing reasons, the Court finds that Plaintiff Charles Torns's state-law claims against Defendants Epps, Sparkman, and King in their individual capacities are dismissed with prejudice. All other claims are dismissed without prejudice.

A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Defendants cited section 11-46-7(2) in their Memorandum, but couched the argument in terms of Eleventh Amendment immunity. Defs.' Mem. [14] at 9–10. Torns never responded, and never explained how he is entitled to pursue individual capacity claims against governmental employees under the MTCA. Regardless, the Court has authority to dismiss the claim *sua sponte* under § 1915(e)(2)(B)(i) and (ii).